UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS M. MOORE,

        Plaintiff,                    Civil Action No. 15-11022
                                                 Honorable Gerald E. Rosen
                                                 Magistrate Judge David R. Grand
v.

BANK OF AMERICA, COUNTRYWIDE
HOME LOAN SERVICES, INC., and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANTS' MOTION TO DISMISS [12]

### I.    RECOMMENDATION

Plaintiff Gladys Moore ("Moore") commenced this action against Bank of America, N.A. ("BANA"), Countrywide Home Loan Services, Inc. ("Countrywide") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "defendants") alleging claims for: (1) loss of consortium against BANA; (2) "self-dealing" against Countrywide; and (3) "bad faith" against MERS. Before the Court is defendants' motion to dismiss the complaint. [12]. Moore filed a response, to which defendants filed a reply. [15, 17]. The motion has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [16]. For the following reasons, the Court RECOMMENDS that defendants' motion [12] be GRANTED.

## II. REPORT

### A. Background[1]

This litigation concerns real property located at 20341 Cherokee St. in Detroit, Michigan (the "Property"), and the death of its owner, Rapheal Moore ("decedent"), who had been married to Moore. On November 29, 2007, decedent executed a note in favor of Countrywide in the amount of $146,000, and he and Moore executed a mortgage with Countrywide on the Property to secure the note. [12, Exs. A, B]. The mortgage listed MERS as Countrywide's nominee and indicated that MERS would act as the mortgagee on behalf of Countrywide and its successors and assigns. [*Id.*, Ex. B at 1]. The mortgage was duly recorded in the Wayne County Register of Deeds and provided that the mortgagee could sell the Property in the event of a default. [*Id.*, Ex. B at ¶ 22]. On August 9, 2011, MERS assigned its rights in the mortgage to BANA as successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP. [*Id.*, Ex. C]. The assignment was duly recorded in the Wayne County Register of Deeds on

---

[1] A reviewing court's consideration of a motion to dismiss under Rule 12(b)(6) is ordinarily confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir.2008). Thus, assessment of the complaint's facial sufficiency ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir.2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n. 1 (6th Cir. 2010). Moreover, if a document is not attached to a complaint or answer, but "is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335–36. Similarly, where the plaintiff's pleadings do not refer directly to a given document, if that document governs the plaintiff's rights and is necessarily incorporated by reference, then the court may consider it without converting the motion into one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying documents). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir.2010) (quoting *Commercial Money Ctr.,* 508 F.3d at 335–36). All of the documents referenced herein satisfy these standards.

August 17, 2011. [*Id.*].

While Moore asserts that decedent never missed a mortgage payment, the record indicates that decedent obtained a loan modification from BANA in September 2011 and that he subsequently failed to pay $16,885.45 towards the mortgage as of April 27, 2012. [*Id.*, Exs. B-C]. In the interim, on December 22, 2011, decedent and Moore filed a lawsuit in Wayne County Circuit Court against the above-named defendants and Merscorp, Inc. ("Merscorp"), which was later removed to this Court. [1, Ex. A (*Moore v. Bank of America*, Case No. 12-10239) (the "Prior Action")]. The complaint asserted causes of action for, among other things, fraud and quiet title to the Property. [*Id.*].

The parties eventually settled the Prior Action pursuant to a February 8, 2013 stipulated order of dismissal entered by Chief Judge Rosen. [29 (*Moore v. Bank of America*, Case No. 12-10239)]. The stipulated order provided that "[t]he parties have advised the Court that they have resolved their dispute pursuant to a short sale of the [Property]" and Chief Judge Rosen dismissed the case with prejudice. [*Id.* at 1-2].[2]

Moore alleges that on March 13, 2013, "[s]ix weeks [after the short sale], [decedent] died of a heart attack as a result of excessive worry, concern, and anxiety over Bank of America." [1, ¶ 23; 1, Ex. A]. Moore filed the instant complaint nearly two years later against the same defendants she had sued in the Prior Action, (other than Merscorp, whom she did not name as a defendant in this action). [1]. As noted above, Moore now seeks to recover damages from BANA for loss of consortium. [*Id.* at 6-8]. Moore alleges that Countrywide engaged in "self-dealing" by "us[ing] predatory lending methods in applying a balloon mortgage [sic] adjustable rate rider which provided for the initial increase [sic] rate of 9.78%...[which] was totally

---

[2] In support of the instant motion, defendants submit a copy of the purchase agreement evidencing the short sale, which apparently closed on January 31, 2013. [12, Ex. D at 1].

3

advantageous to themselves and completely against the interest and expectations of [Moore]." [*Id.* at ¶¶ 44-45]. Finally, Moore alleges that MERS "acted in bad faith by sending [her] foreclosing materials" without owning "the indebtness [*sic*] or an interest in the indebtness [*sic*] secured by the mortgage."[3] [*Id.* at ¶¶ 57-58]. Importantly, Countrywide's and MERS' challenged conduct is alleged to have occurred *before* the agreed-upon short sale that was the subject of the stipulated order dismissing the Prior Action.

In their motion to dismiss the complaint, defendants argue that: (1) Moore cannot assert a claim for loss of consortium independently from the decedent's estate; (2) the loss of consortium claim lacks merit because it arises from an alleged breach of contract as opposed to a tort; (3) any claim for "predatory lending" against Countrywide is not cognizable under Michigan law;

---

[3] It is unclear whether Moore is also asserting claims against Countrywide based on alleged violations of the Community Reinvestment Act ("CRA"), 12 U.S.C. § 2901, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* [1 at ¶ 46]. The only mention of those statutes in her complaint is the following: "The actions committed by [Countrywide] violate the Community Reinvestment Act (CRA) 12 USCA 2901 Respa Section 9 Truth-in-Lending Act." [*Id.*]. Defendants' motion does not mention these statutes, and in her response brief, Moore states that she is seeking relief only with respect to her loss of consortium, "self-dealing," and "bad faith" claims. [15 at 13-14]. At any rate, any CRA, RESPA and TILA claims lack merit. First, as a matter of law, Moore cannot state a claim under these Acts simply by mentioning them by name. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Ezekoye v. Ocwen Federal Bank FSB*, 179 Fed. App'x 111, 113 n. 3 (3d Cir. 2006) ("Although Ezekoye lists in his complaint numerous other statutes that he contends have been violated, their mere mention is insufficient to state a claim for relief."). Second, the CRA does not allow for a private right of action to enforce the statute. *See Harvey v. Ameriquest Mortg. Co.*, No. 10-12246, 2010 U.S. Dist. LEXIS 115526, at *7 (E.D. Mich. Oct. 29, 2010). Third, to the extent the TILA and RESPA claims are based on conduct which occurred at the time decedent executed the promissory note with Countrywide, they are time-barred under those statutes' respective statutes of limitations. *See id.* at *7-9 (noting that: [1] claims for damages under TILA must be commenced "within one year from the date of the occurrence of the violation"; [2] an action must be brought under RESPA "within 3 years in the case of a violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608 . . . from the date of the occurrence of the violation"; and [3] the "the occurrence of the violation" is the date when the plaintiff either enters into the loan agreement or when the defendant transfers the loan funds to the plaintiff.). Finally, for the reasons discussed below, *infra* at 6-7, because each of these claims could have been brought by Moore in the Prior Action, they are barred by the doctrine of *res judicata*.

(4) Countrywide did not breach any fiduciary duty to Moore because there is no fiduciary relationship between lenders and borrowers; (5) Michigan law does not recognize an independent cause of action for "bad faith"; (6) the mortgage invested MERS with all of the powers of a mortgagee, including the authority to sell the subject property in the event of a default; and (7) MERS never initiated mortgage foreclosure proceedings on the subject property.

B.     Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with

5

basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C. Analysis**

Although defendants did not raise the issue, it appears that Moore's "self-dealing" and "bad faith" claims against Countrywide and MERS, respectively, are barred by the doctrine of *res judicata*. That doctrine applies where: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been,[4] resolved in the first." *Adair v. State*, 470 Mich. 105, 121 (2004). All of these elements appear to have been satisfied here.

First, Chief Judge Rosen entered the February 8, 2013 stipulated order dismissing the earlier case against defendants "with prejudice," as the parties had agreed to a short sale of the Property, which sale Moore admits was consummated [1 at ¶ 38]. (Case No. 12-10239, Doc. #29, ¶ 5). A dismissal with prejudice "is considered a final judgment on the merits for purposes of res judicata." *Haddad v. Mich. Nat'l Corp.*, 34 F. App'x 217, 218 (6th Cir. 2002); *see also Johnson v. United Auto. Workers*, No. 83-1573, 1984 U.S. App. LEXIS 13490, at *5 (6th Cir. Dec. 7, 1984) (noting that a stipulated dismissal with prejudice "indisputably represented an adjudication on the merits."); *Brownridge v. Mich. Mut. Ins. Co.*, 115 Mich. App. 745, 748

---

[4] It is well-settled that *res judicata* "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007).

(1982) (holding that "[a] voluntary dismissal with prejudice is a final judgment on the merits for res judicata purposes."). Second, both cases involve the same relevant parties (Moore, Countrywide and MERS). And third, since her instant claims against Countrywide and MERS are based upon the same operative facts as the Prior Action, and pre-date the short sale which was the subject of the stipulated order dismissing that case, *supra* at 3, Moore could have asserted those claims in that action. For these reasons, the doctrine of *res judicata* bars Moore's self-dealing and bad faith causes of action against Countrywide and MERS.

Moore's claims against Countrywide and MERS are also substantively without merit. To the extent Moore contends that Countrywide employed "predatory lending methods" [1 at ¶ 43], this claim is not cognizable under Michigan law. *See Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 847 (E.D. Mich. 2010) ("Recent federal cases discussing Michigan law have concluded that 'Michigan does not recognize a cause of action for 'predatory lending.'") (collecting cases); *O'Brien v. BAC Home Loan Servicing, LP*, No. 10-15136, 2011 WL 1193659, at *4 (E.D. Mich. Mar. 28, 2011) ("Michigan does not recognize a claim for predatory lending"). Nor did Countrywide breach a fiduciary duty to Moore since such a relationship does not generally exist between borrowers and lenders. *See Kevelighan v. Trott & Trott, P.C.*, 771 F. Supp. 2d 763, 779 (E.D. Mich. 2010). Insofar as Michigan law allows for "a fiduciary relationship [arising] from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another," *Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. 567, 580-81 (1999), Moore's relationship with Countrywide did not attain this status because the mortgage agreement did not require her to "rely on [Countrywide's] judgment or advice in making [her] own decisions." *Kevelighan*, 771 F. Supp. 2d at 779. Thus, Moore's "self-dealing" claim against Countrywide should be dismissed.

As for the allegations of "bad faith" on the part of MERS, this claim is also unavailing because "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Management of Michigan, Inc.*, 271 Mich. App. 11, 35 (2006); *see also Houle v. Green Tree Servicing, LLC*, No. 14-14654, 2015 U.S. Dist. LEXIS 53414, at *5 (E.D. Mich. Apr. 23, 2015) (holding that "Michigan law does not recognize an independent cause of action for bad faith."). Moreover, contrary to Moore's contention, the mortgage specifically authorized MERS to sell the subject property in the event of a default. [12, Ex. B at ¶ 22].

Finally, although Moore's loss of consortium claim against BANA is not barred under *res judicata* principles (since decedent's death post-dated the February 8, 2013 stipulated order dismissing the Prior Action), the claim fails as a matter of law because, a "derivative claim for loss of consortium stands or falls with the primary claims in the complaint," and here, not only do all of Moore's other claims fail, but, more importantly, the decedent's claims against the defendants about their handling of the mortgage prior to the short sale have been dismissed with prejudice and/or would fail under the *res judicata* analysis discussed above. *Hendrian v. Safety-Kleen Sys.*, No. 08-14371, 2015 WL 4770966, at *6 (E.D. Mich. Aug. 13, 2015). *See also*, *Katoula v. Detroit Entertainment, LLC*, No. 12-13335, 2012 WL 6088325, at *4 ("A claim for loss of consortium is derivative and recovery is contingent upon *the injured spouse's* recovery of damages for the injury.") (quoting *Berryman v. K–Mart Corp.*, 193 Mich. App. 88, 94 (1992) (emphasis added)).

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendants' motion to dismiss the complaint **[12]** be **GRANTED**.

8

Dated: October 30, 2015             s/David R. Grand
Ann Arbor, Michigan               DAVID R. GRAND
                                                 United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                               s/Felicia Moses for Eddrey O. Butts
                                               EDDREY O. BUTTS
                                               Case Manager

Dated: October 30, 2015